MANRIQUE, APPELLANT, *v.* REGISTRAR OF CAGUAS, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Forced Sale.

No. 596.—Decided July 29, 1924.

HEIRS — FORCED SALE — HEREDITARY PROPERTY — ACCEPTANCE OF INHERITANCE—
MINORS.—Manrique brought an action of debt against the heirs of Gregorio Solá Delgado, who were his second wife, her legitimate daughter, his legitimate children of the first marriage and a natural son. The registrar refused to record several properties sold under execution for the principal reason that the children of the first marriage recorded their shares while minors and are not liable for the claim with all of their properties, for the inheritance can not be considered as accepted unconditionally, but with benefit of inventory. *Held:* That as the decision appealed from does not say that it appears from the registry that the shares recorded in the names of the said minors proceed from separate property, or that the said shares are not the result of a liquidation of the estate of the first community, there is no basis for affirming the decision.

The facts are stated in the opinion.

The appellant appeared by brief.

The respondent appeared by brief.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

This is an appeal from a decision of the Registrar of Property of Caguas refusing to record a forced sale made by the marshal of Humacao in favor of the appellant.

The decision reads as follows:

"The foregoing document, with which another is exhibited, is recorded as to the undivided shares corresponding in the three properties to Antonia Díaz Oriazabala, Marcos, María, Néstor, Juan, Félix, Carmen, Trinidad, Aurora, Felícita and Marcelino Solá Fontanez, Rosa María Solá Díaz and Justo Solá de Jesús, as heirs of Gregorio Solá Delgado, as indicated by the note on the margin of the description of each property; the record thereof is refused as to the shares in the said three properties of Marcos, María, Néstor, Juan, Félix, Carmen, Trinidad, Aurora, Felícita and Marcelino Solá Fontanez as heir of Juana Fontanez; and also as to one-fourth of the property marked 'B' in the deed, for the following reasons: As regards the first part of the refusal, because it appears from the document that the defendants in the action that brought about the forced sale in execution of the judgment are the second wife of Gregorio Solá, Antonia Díaz Solá, and the heirs of Gregorio Solá Delgado, the heirs of Juana Fontanez not having been sued, and it does not appear whether the debt which gave rise to the action originated during the first wedlock of Gregorio Solá Delgado with Juana Fontanez, or during his second wedlock with Antonia Díaz Oriazabala, and the heirs of Juana Fontanez having recorded their shares in the three properties by inheritance from said Juana Fontanez as minors, and it not appearing that such persons, who are also heirs of Gregorio Solá Delgado, accepted the inheritance of their ancestor Gregorio Solá unconditionally, they can not answer for the obligations of their ancestor with all of their properties, that is, with those not inherited from the said ancestor. And as to the second part of this decision, for the reason that the said one-fourth of property 'B' is recorded in the name of José Muñoz López, a person distinct from the defendants in whose names the property was sold to Cipriano Manrique; a cautionary notice being entered in favor of Cipriano Manrique for 120 days at the same pages and volumes appearing in the marginal notes of the description of each property, and the records are entered with the curable defects of failure to accept the sale in lawful form and failure to state the personal status of the defendant heirs of Gregorio Solá Delgado."

The decision is based on various defects, but the appellant admits that the property marked "B" is recorded "in the name of a person distinct from the heirs of Gregorio

Solá;'' that the sale was not accepted in lawful form, and that the personal status of the defendants was not stated, which limits the controversy in this appeal to the shares corresponding in the three properties to Marcos, María, Néstor, Juan, Félix, Carmen, Trinidad, Aurora, Felícita and Marcelino Solá Fontanez, as heirs of Juan Fontanez.

The reasons adduced by the registrar in support of that part of his decision are not entirely clear. On the one hand the registrar seems to maintain that as the ancestor married a second time and the document does not show that the debt originated during the second wedlock, it was necessary to include in the action the heirs from the first wedlock, or the children of Juana Fontanez, the first wife of the ancestor. This presumption, however, is unfounded, because it follows from the deed of sale that the complaint mentioned the heirs of both marriages. On the other hand the registrar insists in his brief that as the children of the first marriage recorded their shares while minors, they are not responsible for the claim with all of their property, for in accordance with the law the inheritance can not be understood to have been accepted by such minors unconditionally, but with benefit of inventory. However, the registrar does not say that it appears from the registry that the shares recorded in the names of the said minors proceed from separate property, or that the said shares are not the result of a liquidation of the estate of the first community.

For all of the foregoing reasons the decision must be reversed and record of the forced sale of January 18, 1922, ordered as to the shares corresponding in the three recorded properties to the heirs Marcos, María, Néstor, Juan, Félix, Carmen, Trinidad, Aurora, Felícita and Marcelino Solá Fontanez.

*Reversed.*

Chief Justice Del Toro and Justices Wolf, Aldrey and Hutchison concurred.